**Mildred BECKER**

v.

**DEPARTMENT OF THE ARMY.**

Civil.No. Y–95–3905.

United States District Court,
D. Maryland.

Oct. 1, 1997.

Richard K. Goll, Havre de Grace, MD, for Plaintiff.

Lynne A. Battaglia, Baltimore, MD; S. Hollis Fleischer, Baltimore, MD; John B. Sinclair, Baltimore, MD; Margaret M. McKee, Towson, MD, for Defendants.

*MEMORANDUM OPINION*

JOSEPH H. YOUNG,[1] Senior District Judge.

### I.

This lawsuit stems from injuries Mrs. Mildred Becker ("Becker") allegedly sustained when she slipped and fell on a tile floor while shopping at the Aberdeen Proving Ground's Post Exchange ("PX") in Aberdeen, Maryland. Mrs. Becker has sued the Department of the Army, a subdivision of the United States Department of Defense (the "Government"), under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2780. Mrs. Becker has also sued Abacus Corporation ("Abacus"), a Maryland contractor providing janitorial services to the PX at the time of this incident.

The Government has filed a Motion to Dismiss, or, in the alternative, for Summary Judgment. The Government argues the Court is without jurisdiction to hear the case because the United States has not waived its sovereign immunity from suit under the FTCA. Specifically, the Government contends the FTCA does not waive its sovereign immunity in suits for an independent contractor's negligence, thereby depriving the Court of jurisdiction. Alternatively, the Government argues it was not negligent because it had no notice of a dangerous condition at the PX, and thus did not breach its duty as a landowner under Maryland law. Abacus has also moved for summary judgment. Abacus argues that Mrs. Becker has failed to identify a defect or hazardous condition caused or maintained by Abacus, and that the doctrine of *res ipsa loquitur* does not apply to a mere "slip and fall." Abacus also argues that the Plaintiff lacks standing to enforce the contract between the Government and Abacus. Mrs. Becker has moved for summary judgment essentially arguing someone must have been negligent to create the dangerous condition causing her fall.

### II.

#### A.

 The FTCA provides in pertinent part:

---

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674. Federal law grants the district courts jurisdiction in civil actions for injuries

caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). The FTCA grants a limited waiver of the Government's sovereign immunity and permits recovery against the United States for the tortious acts or omissions of government agents or employees. *Williams v. United States,* 50 F.3d 299, 305 (4th Cir.1995); 28 U.S.C. § 2671. The Government's liability under the FTCA does not, however, extend to the negligence of independent contractors. *See Logue v. United States,* 412 U.S. 521, 526–30, 93 S.Ct. 2215, 2218–21, 37 L.Ed.2d 121 (1973); *Williams,* 50 F.3d at 305–06. Thus, if Abacus is an independent contractor, the United States has not waived its sovereign immunity and the case must be dismissed for lack of subject-matter jurisdiction. 28 U.S.C. § 1346(b); *Williams,* 50 F.3d at 304.

■ The Supreme Court has emphasized that the federal courts must apply a federal common law of agency to determine whether a party is an employee or an independent contractor for purposes of the Government's FTCA liability. *Logue,* 412 U.S. at 526–28, 93 S.Ct. at 2218–20. The critical factor is whether the Government has the right to control the other party's "detailed physical performance." *Id.* at 528, 93 S.Ct. at 2219. If the Government has this right, the party is a government employee and the FTCA waives the Government's sovereign immunity, thereby subjecting the Government to potential liability on a theory of *respondeat superior.* If the Government does not have this right, the party is an independent contractor and the Government

is immune from suit in federal court. *Id.; Williams,* 50 F.3d at 305–06. Thus, the Government must have the right to supervise the " 'day-to-day operations' of the endeavor" for the FTCA to waive its sovereign immunity. *Williams,* 50 F.3d at 306 (quoting *Logue,* 412 U.S. at 529, 93 S.Ct. at 2219–20).

■ In this case, the factual record establishes that the Government contracted with Abacus to perform cleaning services; that Abacus was responsible under the contract for all actions, work and performance (Govt.'s Mot. Ex. 4 at 11); that Abacus, not the Government, controlled the type of wax used on the PX floor (Govt.'s Mot. Ex. 5, Dep. of William Bartlett, at 21); and that Abacus' employees, not the Government, supervised the cleaning services at the PX (Def. Abacus' Mot. Ex. 2, Dep. of Leon Nichol, at 24; Def. Abacus' Mot. Ex. 3, Dep. of Delores Carrington, at 15). These facts indicate the Government did not exercise the right to control the day-to-day cleaning services at the Aberdeen PX, and that Abacus was therefore an independent contractor. Accordingly, the United States did not waive its sovereign immunity under the FTCA and the Court is without subject-matter jurisdiction to entertain Mrs. Becker's claims against the Government.

■ The Government is also immune from suit in this case under the FTCA's "discretionary function" exception to the FTCA's waiver of sovereign immunity, *see* 28 U.S.C. § 2680(a). Section 2680(a) exempts the United States from liability under the FTCA for acts of its employees "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Id.* The Fourth Circuit has held that engaging custodial and maintenance services falls within the discretionary function exception to the FTCA. *Williams,* 50 F.3d at 309. The *Williams* court reasoned, in part, that the exception applied because no prescribed course of conduct exists for hiring janitorial and maintenance services. *Id.* The court also concluded the exception applied because the decision to hire such contractors requires the Government to engage in a policy deci-

sion to weigh the expense involved against the needs of the government premises. *Id.* The court further noted the award of contracts and the decision to hire an independent contractor has long been held a discretionary function. *Id.* at 310 (citing cases). Under the "discretionary function" exception, the United States cannot be found liable for any negligence in supervising the actions of Abacus. *Id.* at 310. Accordingly, this exception deprives the Court of subject-matter jurisdiction over Plaintiff's claim that the Government negligently supervised Abacus' performance of the Aberdeen contract.

### B.

■ In her Complaint, Plaintiff alleges the Court has subject-matter jurisdiction over Abacus because Abacus agreed in its contract with the Government to indemnify the Government for injuries resulting from Abacus' negligence (Compl.¶ 8). Abacus does not contest the jurisdiction of the Court, arguing instead that Mrs. Becker has no standing to enforce this provision of the contract and that she has failed to identify a defect or hazardous condition created by Abacus. The Court, however, has an obligation to raise any doubts concerning its subject-matter jurisdiction *sua sponte.* *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 278, 97 S.Ct. 568, 571–72, 50 L.Ed.2d 471 (1977).

In *Flynn v. United States,* 902 F.2d 1524 (10th Cir.1990), the court held that district courts lack jurisdiction over a plaintiff's claims against non-government defendants in a FTCA action absent an independent jurisdictional basis for those claims. *Id.* at 1531. The court based its decision on *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), which held that federal courts could not entertain a claim premised upon pendent jurisdiction unless the pendent jurisdiction claim had an independent jurisdictional basis.

■ In response to *Finley,* Congress passed, and the President signed into law, what is now 28 U.S.C. § 1367, which grants the district courts supplemental jurisdiction to hear claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 5 1367(a). The Court has discretion to decline supplemental jurisdiction under § 1367(c) if the claim raises novel or complex state law issues, the claim substantially predominates over the claim over which the Court has original jurisdiction, the Court dismisses all claims over which it has original jurisdiction, or in other exceptional cases. The Fourth Circuit recently emphasized that this discretion includes the discretion to dismiss or retain a claim. *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir.1995).

■ As discussed above, the Court lacks subject-matter jurisdiction over Mrs. Becker's federal question claims against the Government due to the Government's sovereign immunity. The Court's decision to dismiss those claims results in a dismissal of all claims over which it has original jurisdiction because the claim against Abacus has no independent federal jurisdictional basis. Under the well-pleaded complaint rule, the Court may look only to the face of the plaintiff's complaint to determine whether a federal question is presented. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). Plaintiff's complaint does not raise a federal question because its sole jurisdictional assertion concerning Abacus is that Abacus was under a duty to indemnify the Government for injuries Abacus caused. This is a question of state, not federal, law. Diversity jurisdiction is also lacking because Abacus and Mrs. Becker are both Maryland citizens.

The Court also declines to exercise its supplemental jurisdiction because the questions presented in the claim against Abacus are predominantly issues of state law. As discussed above, Maryland law will govern the alleged duty of Abacus to indemnify the Government for harm Abacus caused. Further, the question of negligence necessarily turns on Maryland tort law principles. As the forum state, Maryland has far more interest in adjudicating the controversies occasioned by this case than a federal court exercising supplemental jurisdiction, and the Court believes a Maryland court should address these questions in the first instance.

### III.

Based on the foregoing analysis, the Court will GRANT the Government's Motion and DISMISS Plaintiff's claims against the Government because the Government is immune from suit under the FTCA. *See Williams,* 50 F.3d at 304–05 (indicating proper procedure is to dismiss, rather than grant summary judgment). The Court also declines to exercise supplemental jurisdiction over Mrs. Becker's claim against Abacus and will DISMISS that claim *sua sponte.* The remaining Motions of Plaintiff and Abacus Corporation are therefore moot.

### *ORDER*

In accordance with the attached Memorandum, it is this *1st* day of October, 1997, by the United States District Court for the District of Maryland, ORDERED:

1. That the Government's Motion to Dismiss BE, and the same IS, hereby GRANTED; and

2. That the case BE, and the same IS, hereby DISMISSED for want of subject-matter and supplemental jurisdiction; and

3. That a copy of this Memorandum and Order be mailed to counsel for the parties.