**Lance RAYGOR, et al., Appellants,**

v.

**UNIVERSITY OF MINNESOTA, a Minnesota State University, Respondent.**

No. C1–99–1140.

Court of Appeals of Minnesota.

Jan. 11, 2000.

Howard Bolter, Borkon, Ramstead, Mariani & Letourneau, Ltd., Minneapolis, MN (for appellants).

Andrew D. Parker, Matthew E. Johnson, Smith Parker, P.L.L.P., Minneapolis, MN (for respondent).

Considered and decided by RANDALL, Presiding Judge, KLAPHAKE, Judge, and HOLTAN, * Judge.

## OPINION

KLAPHAKE, Judge.

Appellants Lance Raygor and James Goodchild brought this action against their employer, respondent University of Minnesota (University), alleging age discrimination in violation of the Minnesota Human Rights Act (MHRA), Minn.Stat. § 363.01–.20 (1996). The University moved to dismiss, arguing that the MHRA's 45–day statute of limitations had lapsed and was not tolled by 28 U.S.C. § 1367(d) (1994). The district court agreed and granted the University's motion. We reverse.

## FACTS

In August 1995, appellants filed separate charges with the Minnesota Department of Human Rights (MDHR) alleging age discrimination against the University. By letters dated July 17, 1996, the MDHR dismissed the charges and notified appellants that they had 45 days in which to file civil suits in state district court. *See* Minn.Stat. § 363.14, subd. 1 (1996) (person may bring civil action in state district court within 45 days after receipt of notice that commissioner has dismissed charge).

On August 30, 1996, appellants sued the University in federal district court. They each alleged one claim under the Age Discrimination in Employment Act of 1974 (ADEA) and one claim under the MHRA. Their actions were consolidated.

Nine months later, the University moved to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). The University argued that the court lacked jurisdiction over the ADEA and the MHRA claims because the Eleventh Amendment bars suits in federal court against a state by citizens of that or another state. The federal district court granted the University's motion and dismissed appellants' claims without prejudice.

Appellants challenged the federal district court's decision in the Eighth Circuit Court of Appeals. That appeal has been stayed pending a decision by the United States Supreme Court in another case involving the issue of whether an ADEA claim against a state is barred by the Eleventh Amendment. *Kimel v. Florida Bd. of Regents*, 139 F.3d 1426 (11th Cir. 1998), *cert. granted*, —— U.S. ——, 119 S.Ct. 901, 142 L.Ed.2d 901 (1999).

Twenty days after the federal district court dismissed their action, appellants brought this action in state district court alleging age discrimination under the MHRA. This action was stayed for several months pending a decision in the federal appeal. The state district court lifted the stay, however, to allow the University to bring this motion to dismiss on statute of limitations grounds.

## ISSUES

1. Did the district court err in concluding that the limitation period for appellants' state action was not tolled while appellants' federal action was pending?

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

2. Did the district court abuse its discretion by rejecting appellants' claim that the limitation period should be equitably tolled?

## ANALYSIS

### I.

■■■ Summary judgment is appropriate where no genuine issues of material fact exist and either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. When the court examines documents and evidence in addition to the pleadings, a motion to dismiss under Minn. R. Civ. P. 12.02 becomes one for summary judgment. Minn. R. Civ. P. 12.03. Issues involving jurisdiction and application of statutes of limitations require statutory interpretation, which is a question of law that this court reviews de novo. *See Boubelik v. Liberty State Bank*, 553 N.W.2d 393, 402 (Minn.1996).

This case involves interpretation of the federal "Supplemental Jurisdiction" statute, which provides in pertinent part:

(a) Except as provided in subsections (b) [which discusses diversity jurisdiction] and (c) [which allows court to decline to exercise supplemental jurisdiction in certain circumstances, such as when a state law claim raises a novel issue or when all original jurisdiction claims have been dismissed] * * *, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. * * *.

* * * *

(d) The period of limitations for any claim asserted under subsection (a) * * * shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367 (1994).

It is undisputed that the federal district court had original jurisdiction over appellants' ADEA claim, because that claim raised a federal question. *See* 28 U.S.C. § 1331 (1994) ("district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). In addition, the gravamen of both the ADEA and MHRA claims was discrimination based on age. Thus, the federal district court had mandatory, supplemental jurisdiction over appellants' MHRA claim, which was "so related to [the ADEA claims] that they form[ed] part of the same case or controversy" under 28 U.S.C. § 1367(a).

■■■ Nevertheless, the state district court in this case concluded that appellants' claims were not tolled under 28 U.S.C. § 1367(d). The court reasoned that because these claims were dismissed on Eleventh Amendment grounds, the federal district court never had "original" jurisdiction over them. Thus, the issue here is whether the Eleventh Amendment divested the federal district court of its original, mandatory, and supplemental jurisdiction, such that jurisdiction never attached.

■■■ The Eleventh Amendment has been described as a "bar[ ] to federal court jurisdiction over a suit between an unconsenting State and one of its citizens." *Humenansky v. Regents of Univ. of Minn.*, 152 F.3d 822, 823–24 (8th Cir.1998) (ADEA claim against University in federal court barred by Eleventh Amendment). The Eleventh Amendment, however, is not a typical jurisdictional limitation because it can be waived and because a federal court has discretion to raise it sua sponte. *Parella v. Retirement Bd. of Rhode Island Employees' Retirement Sys.*, 173 F.3d 46, 55 (1st Cir.1999). Although the Eleventh Amendment provides a state with an immunity defense, it does not necessarily

destroy a federal district court's underlying jurisdiction:

> [B]ecause Eleventh Amendment immunity can be waived, the presence of an Eleventh Amendment issue does not threaten the court's underlying power to declare the law. If this were not the case, sua sponte consideration of a possible Eleventh Amendment bar would have to be obligatory, not discretionary – but the Supreme Court has now clearly stated that courts are free to ignore possible Eleventh Amendment concerns if a defendant chooses not to press them.

*Id.* at 55–56 (citing *Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 118 S.Ct. 2047, 2052–53, 141 L.Ed.2d 364 (1998)).

In *Schacht,* the Supreme Court considered whether removal jurisdiction is destroyed when one of the removed claims is subject to an Eleventh Amendment bar. 524 U.S. 381, 118 S.Ct. at 2051. Similar to the federal question jurisdiction here, removal jurisdiction requires "original jurisdiction." 28 U.S.C. § 1441(a). The Supreme Court concluded that while the Eleventh Amendment may place a particular claim beyond the power of the federal courts to decide, it does not destroy previously existing original jurisdiction. *Id.,* 524 U.S. 381, 118 S.Ct. at 2052–53. The Court further recognized the distinction between diversity jurisdiction, which is automatically destroyed if one party is not diverse, and original jurisdiction, which is not destroyed even if the Eleventh Amendment is successfully asserted. *Id.* Thus, *Schacht* supports appellants' position that the Eleventh Amendment does not destroy or vitiate original jurisdiction until it is successfully asserted by a state or state entity.

■ The University argues that even if the federal district court had original jurisdiction over appellants' ADEA claim, 28 U.S.C. § 1367(d) does not toll the limitations period because appellants' state law MHRA claim was not dismissed by the federal district court for one of the reasons enumerated in 28 U.S.C. § 1367(c) (federal district court may "decline" to exercise supplemental jurisdiction in certain circumstances, including one in which claim raises complex issue of state law or court has dismissed all claims over which it has original jurisdiction). The University argues that because the federal district court was required to dismiss appellants' state law claim under the Eleventh Amendment, the court did not "decline" to exercise supplemental jurisdiction over that claim.

■ The University's argument is partially correct: MHRA claims are subject to the Eleventh Amendment. *See, e.g., Mayer v. University of Minn.,* 940 F.Supp. 1474, 1476 (D.Minn.1996) (Eleventh Amendment bars federal court jurisdiction over state law claims under the MHRA, against unconsenting states or state officials) (citing *Pennhurst State Sch. Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). Thus, the federal district court in this case may have also dismissed appellants' MHRA claim under the Eleventh Amendment.

A close reading of 28 U.S.C. § 1367, however, establishes that the tolling provisions of subsection (d) apply to "any" claim asserted under subsection (a), which discusses original and supplemental jurisdiction. Subsection (d) does not require a supplemental state law claim to be dismissed for a reason under subsection (c) in order for that claim to be tolled. Rather, subsection (d) expressly states:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d). Thus, the plain language of subsection (d) allows tolling of

any claim dismissed by a federal district court, whether dismissed on Eleventh Amendment grounds or at the discretion of the federal district court under subsection (c).

Finally, at oral arguments before this court, counsel for the University repeatedly represented that "state law claims against a state can never be brought in federal district court" and that the "federal court never had subject matter jurisdiction over the state law claims," citing the Supreme Court's decision in *Pennhurst*. *Pennhurst* discusses a federal district court's "pendent" jurisdiction over state law claims and requires a federal court, once an Eleventh Amendment immunity defense is raised, to "examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121, 104 S.Ct. at 919. At no point, however, does the Supreme Court discuss "subject matter jurisdiction" or hold that the Eleventh Amendment destroys or vitiates subject matter jurisdiction over state law claims.

Moreover, *Pennhurst* was decided in 1984, prior to the 1990 enactment of 28 U.S.C. § 1367, which codified the case law doctrines of "pendent" and "ancillary" jurisdiction under the name of "supplemental" jurisdiction. *See* David F. Siegel, *Practice Commentary*, "The 1990 Adoption of § 1367, Codifying 'Supplemental' Jurisdiction," *reprinted in* 28 U.S.C.A. § 1367, at 829 (West 1993). Although *Pennhurst* remains good law, it must be read in conjunction with 28 U.S.C. § 1367 and with recent cases discussing the Eleventh Amendment, such as *Schacht*.

We therefore conclude that the district court erred in granting summary judgment to the University. Under 28 U.S.C. § 1367(d), the statute of limitations governing appellants' MHRA claim was tolled during the pendency of their federal district court action.

## II.

Appellants alternatively argue that the limitation period should be equitably tolled under the facts of this case. The filing requirement of Minn.Stat. § 363.14 is subject to equitable tolling. *Ochs v. Streater, Inc.*, 568 N.W.2d 858, 860 (Minn. App.1997). Factors to consider include prejudice to a defendant and the conduct of the plaintiff. *Id.* The burden is on appellants to prove they are entitled to equitable tolling. *See Bartlett v. Miller & Schroeder Muns, Inc.*, 355 N.W.2d 435, 441 (Minn.App.1984).

There is little or no evidence that the University would be prejudiced if appellants' claims were equitably tolled. Appellants have asserted no new claims in this state district court action. Thus, any discovery the University has undertaken may be used here. Perhaps more importantly, the University could have notified appellants that it would not consent to suit in federal district court, thus allowing appellants time to file in state court; rather, the University waited nine months before asserting its Eleventh Amendment defense. Any prejudice to either party was partly caused by the University's own actions.

With respect to appellants' conduct, the lack of clarity and clear precedent on the issues involved justifies equitable tolling. *See Capital Tracing, Inc. v. United States*, 63 F.3d 859, 862 (9th Cir.1995). We cannot fault appellants for failing to simultaneously file identical lawsuits in federal and state courts. At the time appellants brought their action in federal district court, federal law was unclear on whether a state was entitled to Eleventh Amendment immunity from ADEA claims. Indeed, federal circuits are split on this issue, and since the filing of appellants' lawsuit, the Eighth Circuit has taken a minority position and held that the Eleventh Amendment defense is available on ADEA claims against a state. *See Humenansky*, 152 F.3d at 825 n. 2 (noting Eighth Circuit's disagreement with other circuits). Moreover, an appeal taken by appellants

to the Eighth Circuit has been held in abeyance pending a decision by the Supreme Court in a case involving this same issue. *See Kimel,* 139 F.3d 1426. Finally, appellants could reasonable interpret 28 U.S.C. § 1367 as allowing tolling of their claims. Given the lack of clarity in this area, appellants' decision to file suit only in federal district court was legally sound and not based on their attorney's incorrect interpretation of the law. *Cf. Ochs,* 568 N.W.2d at 860 (equitable tolling not appropriate where plaintiff's choice of remedies based on attorney's incorrect interpretation of law).

We therefore conclude that even if appellants are not entitled to relief under 28 U.S.C. § 1367, their claims were equitably tolled during the pendency of their federal district court action.

## D E C I S I O N

We reverse the district court's grant of summary judgment to the University. The University's assertion of an Eleventh Amendment defense did not vitiate or destroy the federal district court's underlying original jurisdiction over appellants' ADEA claim or its mandatory, supplemental jurisdiction over appellants' MHRA claim. Thus, under 28 U.S.C. § 1367(d), the 45–day limitations period for asserting appellants' MHRA claim was tolled during the pendency of appellants' federal district court action.

**Reversed.**