Phalisha STEVENS, Appellant,

v.

ARCO MANAGEMENT OF
WASHINGTON D.C.,
INC., Appellee.

No. 99–CV–89.

District of Columbia Court of Appeals.

Argued Jan. 21, 2000.
Decided May 25, 2000.

Ronald W. Cox, Jr., with whom Richard W. Evans, Silver Springs, MD, was on the brief, for appellant.

T. Wayne Biggs, with whom Ray L. Hanna was on the brief, for appellee.

Before STEADMAN and REID, Associate Judges, and PRYOR, Senior Judge.

STEADMAN, Associate Judge:

Appellant slipped and fell on a stairway in public housing owned by the United States but managed by appellee. Appellant brought suit in federal court against both the United States and appellee, but that suit was dismissed for want of jurisdiction under the Federal Tort Claims Act. Appellant's subsequent negligence action against appellee filed in the D.C. Superior Court was dismissed based on the expiration of the District of Columbia's statute of limitations. Because we read the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, as extending the local statute of limitations for thirty days beyond the pendency of the parties' federal case (a time period that appellant met in refiling the suit in the Superior Court), we reverse and remand.

## I.

On December 23, 1994, appellant Phalisha Stevens fell on the stairs of Benning Park Terrace, a property within the District of Columbia, allegedly due to negligent maintenance of the stairway. Her attorney informed the property manager of the incident. In response, appellee ARCO Management of Washington, D.C., Inc. (ARCO) replied by letter, stating that the subject property "is under the control of the United States Department of Housing & Urban Development" (HUD). The letter informed appellant's attorney that any tort claim had to be filed via an enclosed claim form. The form was completed and returned to ARCO, who forwarded it to HUD. On March 15, 1996, HUD

denied the claim, stating that "[t]he Project Manager is under contract with [HUD]. Under this contract, HUD indemnifies the Project Manager for certain types of claims related to management of Multifamily HUD-owned ... Projects. This claim falls under this indemnification." Upon this representation, appellant requested insurance and indemnity information and documentation from ARCO. Notwithstanding HUD's previous denial of the claim, ARCO responded only by providing the name and address of a HUD contact person, stating that "HUD was self-insured at the time of the alleged accident and all claims must be filed with them."

Appellant's next step was to file suit in the United States District Court for the District of Columbia against HUD and ARCO on December 4, 1997. Appellant alleged injuries resulting from the negligence of an employee of ARCO or HUD, and based the suit on both the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., and common law negligence.[1] The United States filed a motion to dismiss the action against it, contending that it did not have control over the property, that ARCO was an independent contractor managing the property, and that any negligence would have been by an employee of ARCO and not the United States. On July 20, 1998, the court granted the motion and dismissed the case. The court concluded that it lacked subject matter jurisdiction over the United States on the FTCA claim[2] and that it therefore lacked supple-

---

1. If a government employee negligently caused her injuries, appellant's only judicial relief would be through a suit against the United States in federal court. "In 1988, Congress amended the FTCA to reinforce federal employees' immunity from tort actions. These amendments ... provide that an action against the United States is the *only* remedy for injuries caused by federal employees acting within the scope of their employment." *Bergeron v. Henderson,* 47 F.Supp.2d 61, 64 (D.Me.1999) (emphasis added). The FTCA is therefore "the exclusive mode of recovery for the tort of a Government employee...."

*United States v. Smith,* 499 U.S. 160, 166, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991). Under 28 U.S.C. § 1346(b), the federal courts have exclusive jurisdiction over such claims. *See, e.g., Primeaux v. United States,* 181 F.3d 876, 879 n. 4 (8th Cir.1999).

2. Although the FTCA is the exclusive remedy for the torts of government employees, independent contractors are not included within the definition of "employee" in this context. *See* 28 U.S.C. § 2671. Thus, ARCO's status as an independent contractor was fatal to the exercise of federal jurisdiction under the

mental jurisdiction over appellant's common law negligence claims against ARCO.

Appellant filed the present action in the Superior Court against ARCO within thirty days of the dismissal in federal court, but well beyond three years from the date of the injury. The trial court subsequently granted ARCO's motion to dismiss, ruling that the District's three-year statute of limitations had expired.[3]

## II.

▮ Among other arguments,[4] appellant invokes a federal statute, 28 U.S.C. § 1367(d), asserting that the statute granted her an additional thirty days within which to refile the suit in Superior Court. In pertinent part, 28 U.S.C. § 1367 provides:

(a) . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . .

(c) The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel of complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction.

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

(e) As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

Thus, subsection (d) grants a thirty-day extension of the statute of limitations otherwise applicable to state claims which are joined to a purported federal claim under the doctrine of supplemental jurisdiction.[5] ARCO argued, however, and the trial court agreed,[6] that § 1367(d) does not apply to situations where the underlying federal claim is dismissed for want of subject-matter jurisdiction. According to the argument, before § 1367(d) can apply, a fed-

---

FTCA. The United States itself was immune from suit except to the extent that it had waived its sovereign immunity under the FTCA. *See, e.g., De Tineo v. United States,* 137 F.3d 715, 719–20 (2nd Cir.1998) ("the United States has not consented to be sued on a tort claim" unless the claim is properly brought under the FTCA).

**3.** *See infra* note 6.

**4.** Appellant also raised arguments to the trial court (as it does to us) involving equitable tolling, equitable estoppel, and lulling. We reach none of these issues, given our disposition of the appeal under the federal statute.

**5.** No reference is made by either party to any constitutional issues presented by the enactment of this provision affecting state law. In

any event, as applied to the District, there can be little doubt that it is a valid exercise of Congress' legislative power. *See* U.S. CONST. Art. I, § 8 (giving Congress full legislative authority over the District).

**6.** The trial court in the instant case followed its ruling made several months earlier in a very similar case, *Patterson v. ARCO Management of Washington, D.C.,* No. 98–3638 (D.C.Super.Ct. Sept. 9, 1998). In an extensive opinion, the trial court noted the absence of any case law squarely addressing the issue (the ruling preceded the *Raygor* case of the intermediate Minnesota court discussed *infra*) and adopted the analysis of the Wright and Miller treatise cited in note 8 *infra*.

eral court must have jurisdiction over the merits of the federal claim, and, reciprocally, where federal claims are dismissed for lack of jurisdiction there was no federal "original jurisdiction" claim on which to rest the statutory tolling of § 1367 for the alleged "supplemental" claims. In other words, ARCO asserts that subsection (d)'s tolling provision can only apply in instances where the dismissal of the state claims is discretionary under subsection (c).[7] Although this argument is not without support, at least in one secondary source,[8] we conclude that the language of the statute, prevailing federal and state case-law, and purposes underlying the enactment of § 1367 dictate a broader reading of the provision.

## A.

■ "As a general rule, we look first to the plain language of a statute to determine its meaning," *Francis v. Recycling Solutions, Inc.*, 695 A.2d 63, 72 (D.C.1997), and "favor[ ] interpretations consistent with the plain language...." *Downs v. Dist. of Columbia Police and Firefighters Retirement and Relief Bd.*, 666 A.2d 860, 861 (D.C.1995). Further, in the limitations context, where the language is arguably ambiguous so that "two constructions as to the limitations period are possible, the courts prefer the one which gives the longer period in which to prosecute the action." *Owens–Corning Fiberglas Corp. v. Henkel*, 689 A.2d 1224, 1233 (D.C.1997) (quoting *Simpson v. District of Columbia Office of*

*Human Rights*, 597 A.2d 392, 402 (D.C. 1991)). Thus, we begin with the language of subsection (d). Importantly, it does not condition its application to discretionary dismissals under subsection (c). Rather, it applies to "*any claim asserted* under subsection (a)." (emphasis added).

Here, appellant asserted that her state law claim was so related to her federal claim under the Federal Tort Claims Act that the federal court had jurisdiction over both claims. By filing the federal suit, appellant "asserted" her claim under § 1367(a). The subsequent ruling of the federal court that the federal claim had to be dismissed did not annul plaintiff's initial assertion. Rather, it only held that contention to be legally incorrect. The contrary interpretation of subsection (d), urged by ARCO, would mean that not only must a plaintiff assert a federal claim, but that the assertion of federal jurisdiction must ultimately be correct. The language of § 1367(d) does not require a *successful* assertion of federal jurisdiction. Moreover, the subsection does not differentiate among the possible reasons for dismissal, whether it be on the merits, or for jurisdictional reasons. Mindful of the statutory structure, we turn next to an examination of cases on the issue.

## B.

Somewhat surprisingly, we are faced here with an issue of statutory interpretation that has scarcely been addressed in reported decisions by other state or feder-

---

7. ARCO notes in particular subsection (c)(3), which provides for discretionary dismissal of the supplemental state claims where the federal court has dismissed "all claims over which it has original jurisdiction." ARCO invokes federal cases which hold that where all federal claims have been dismissed for want of jurisdiction, dismissal of supplemental state claims is mandatory. *See Bailey v. Johnson*, 48 F.3d 965 (6th Cir.1995); *Womble v. Bhangu*, 864 F.2d 1212 (5th Cir.1989); *ZB Holdings, Inc. v. White*, 144 F.R.D. 42 (S.D.N.Y.1992). *See also, e.g., Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir.1996).

8. *See* 13B CHARLES A. WRIGHT, ARTHUR R. MILLER AND EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3567.1, at 43 n. 51 (Supp.1999) ("[T]he tolling provision of (d) should be read as coming into play only if the court exercises its discretion, under § 1367(c), to dismiss a supplemental claim of which it has jurisdiction under subsection (a). If it dismisses a claim because that claim is not properly within the court's jurisdiction, § 1367(d) should have no application.") Wright specifically relies on the proposition that a dismissal for want of jurisdiction is not "dismissed under" § 1367. *See supra* note 7. *But see infra* note 11.

al courts in the decade since § 1367's enactment. Appellee cites no cases in direct support of the inapplicability of subsection (d) in the current scenario, nor have we found any such cases. On the other hand, the more lenient reading which we grant the statute does find support in the admittedly scanty federal and state case law on the issue.

One would, of course, expect the issue to arise most directly in state court proceedings. To our knowledge, no state supreme court has yet decided the issue. At a lower court level, almost squarely on point is the very recent Minnesota Court of Appeals case of *Raygor v. University of Minnesota*, 604 N.W.2d 128 (Minn.App. 2000), which has been granted further review by the Minnesota Supreme Court, 2000 Minn. LEXIS 185 (March 28, 2000). In *Raygor*, the intermediate appellate court of Minnesota was faced with the question whether the state statute of limitations had been tolled *pendente lite* by a federal suit brought under the federal Age Discrimination in Employment Act (ADEA) and the Minnesota Human Rights Act (MHRA). The federal claims had been dismissed by the federal court for lack of subject matter jurisdiction "because the Eleventh Amendment bars suits in federal court against a state by citizens of that or another state." *Id.* at 130. The supplemental claims were subsequently dismissed by the federal court as well. *Id.* The state trial court's grant of summary judgment on statute of limitations grounds, however, was reversed by the Minnesota appellate court. It reasoned that "the plain language of subsection (d) allows tolling of any claim dismissed by a federal district court, whether dismissed on Eleventh Amendment grounds or at the discretion of the federal district court under subsection (c)." *Id.* at 132–33. The court went on to hold that

> [t]he ... assertion of an Eleventh Amendment defense did not vitiate or destroy the federal district court's underlying jurisdiction over appellants' ADEA claim or its mandatory, supplemental jurisdiction over appellants' MHRA claim. Thus, under 28 U.S.C. § 1367(d), the 45–day limitations period for asserting appellants' MHRA [state-law] claim was tolled during the pendency of appellants' federal district court action.

*Id.* at 134.

By the same token, the federal suit in the present case was dismissed because the FTCA did not serve to waive common law government immunity.[9] The "lack of jurisdiction" here, is at bottom a failure to overcome the jurisdictional claim of government immunity by asserting coverage under the FTCA. *See Crumpton v. Stone*, 313 U.S.App. D.C. 412, 59 F.3d 1400, 1402 (1995) ("The FTCA waives the government's immunity...."); *Kugel v. United States*, 292 U.S.App. D.C. 135, 947 F.2d 1504, 1505–6 (1991) ("The United States is immune from suit absent an express waiver of its sovereign immunity," of which the FTCA is an example). Because § 1367 provides no distinction for a dismissal on these grounds, as opposed to other grounds, the tolling provision would logically apply here, as it did in *Raygor*.

In a trial court decision, the Massachusetts Superior Court reached a similar re-

9. The FTCA and the Eleventh Amendment can fairly be viewed as symmetrical doctrines in this context. The federal government's immunity, a precept of common law, is waived in part by the FTCA—thus representing a federal legislative waiver. *See, e.g., Primeaux, supra,* 181 F.3d at 878. Meanwhile, state and local governments' immunity, established by the Eleventh Amendment, are likewise waivable—for example, by the failure to raise the defense as noted in *Raygor, supra. See Wis-* *consin Dep't of Corrections v. Schacht*, 524 U.S. 381, 389, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). Nothing, for example, would seem to prevent a legislative expansion of the FTCA to cover independent contractors. In fact, the malleable immunity evidenced by the FTCA's mere statutory, non-constitutional, mantle supports an interpretation that a federal court must exercise jurisdiction to determine the immunity question. *See infra,* Part II, B.

sult in *Lucas v. Muro Pharmaceutical, Inc.*, 1994 Mass.Super. LEXIS 462, 3 Mass. L.Rptr. 113, 1994 WL 878820. Lucas first filed suit in the United States District Court for the District of Massachusetts for race and sex discrimination under both state law and 42 U.S.C. § 1981. The district court dismissed this suit for want of federal subject matter jurisdiction, based on its analysis of the retroactivity of an amendment to 42 U.S.C. § 1981. Lucas then refiled in state court. The Massachusetts Superior Court, ruling on the defendant's motion for summary judgment, held that, despite the prior dismissal of federal claims for want of jurisdiction, "[t]he limitations period for [plaintiff's] state claims were tolled by 28 U.S.C. § 1367(d)...." *Lucas, supra,* 1994 Mass.Super. LEXIS 462 at *5, 1994 WL 878820, at *2.

Several federal courts have also given some indication that subsection (d) may apply to dismissals for lack of subject-matter jurisdiction. In *Sanchez–Reymundo v. South Umpqua Valley Farms*, 1998 U.S. Dist. LEXIS 6492, *1, 1998 WL 227167, at *1 (D.Or.), the defendants moved to dismiss plaintiffs' suit for lack of federal subject matter jurisdiction. Although the suit included both state and federal claims, federal jurisdiction was based solely on claims brought under the Agricultural Worker Protection Act (AWPA). 28 U.S.C. §§ 1801, *et seq.* That act, much like the FTCA here, does not apply when certain entities are subject to the dispute—family and small business in the case of the AWPA, and independent contractors in the case of the FTCA. Like

the federal district court here, the Oregon district court in *Sanchez–Reymundo* granted the motion to dismiss the suit, but also went further to explain the effect of subsection (d):[10]

> The court will dismiss the claims under federal law for lack of subject matter jurisdiction and will decline to exercise supplemental jurisdiction over the remaining state law claims as allowed by 28 U.S.C. § 1367(c)(3). The court will also toll the statute of limitations as to the state law claims for thirty days from the date of this order, as allowed by 28 U.S.C. § 1367(d), so that the plaintiffs may refile their state law claims in a state court, if they so choose.

*Sanchez–Reymundo, supra,* 1998 WL 227167, at *1. *See also Franklin v. Zain,* 152 F.3d 783, 786 (8th Cir.1998) (affirming dismissal of federal claims based on lack of jurisdiction under Eleventh Amendment immunity and failure to state a claim, and tolling state statute of limitations on supplemental state claims under § 1367(d)); *White v. Central Vermont Public Service Corp.,* 958 F.Supp. 174, 181 & n. 3 (D.Vt. 1996) (dismissing Clayton Act claim for "failure to satisfy the jurisdictional threshold," yet noting that § 1367(d) would toll supplemental state law claims). These cases tend to refute the contention that a discretionary dismissal under subsection (c) is a prerequisite for tolling under subsection (d). *See Raygor, supra,* at 132–33.[11]

Moreover, even an acceptance of the proposition that a dismissal must come

---

**10.** Unlike the case here, however, the significance of the court's action is diminished by the fact that the motion to dismiss was unopposed and the defendants specifically acknowledged the application of the tolling provision under § 1367(d). We note that nothing in subsection (d) suggests that its application is dependent upon any authorization from the federal court and no such argument is made here.

**11.** Several commentators have also reasoned that § 1367(d) should apply to any claim as-

serted under subsection (a), even if the federal claim is not dismissed under subsection (c). *See, e.g.,* Patrick D. Murphy, *A Federal Practitioner's Guide to Supplemental Jurisdiction Under* 28 U.S.C. 1367, 78 Marq. L. Rev. 973, 1032 (1995); Karen N. Moore, *Colloquy: Perspectives on Supplemental Jurisdiction: The Supplemental Jurisdiction Statute: An Important But Controversial Supplement to Federal Jurisdiction,* 41 Emory L.J. 31, 64 & n. 112 (1992).

under subsection (c) before tolling applies, does not provide a clear contradiction to a broader reading of subsection (d). In fact, both federal appellate and district courts have used language dismissing supplemental state claims under § 1367(c) after the original federal claims were dismissed on jurisdictional grounds. *See, e.g., Duke v. Absentee Shawnee Tribe of Okla. Housing Auth.,* 199 F.3d 1123, 1123 (10th Cir.1999) (affirming dismissal of federal claims for lack of jurisdiction and subsequent dismissal of state claims under § 1367(c)); *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1473 n. 18 (11th Cir.1997) ("Because the district court did not have subject matter jurisdiction over the federal claim, we also hold that the district court properly declined to exercise supplemental jurisdiction over this state law claim [under] 28 U.S.C. § 1367(c)(3)."); *Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1352 (11th Cir.1997) (same); *Logan v. Lillie,* 965 F.Supp. 695, 700 (E.D.Pa.1997) ("In light of the fact that plaintiff's federal claims have been dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), and as [plaintiff] has brought no other claims for federal relief, the Court will exercise its discretion to dismiss without prejudice [plaintiff's] pendent state law claims [under] 28 U.S.C. § 1367(c)(3).")

Indeed, close at hand is a rather similar case to ours. A federal district court in Maryland recently dismissed an FTCA suit for substantially the same reasons found in this case—lack of subject matter jurisdiction because the government has not waived its immunity from suits for independent contractor's torts. *Becker v. Dept. of Army,* 981 F.Supp. 905, 909

(D.Md.1997). Yet, that court still purported to make a *discretionary* dismissal of the supplemental state claims, "declin[ing] to exercise its supplemental jurisdiction," not solely because of the lack of federal subject matter jurisdiction, but because "the claims against [the remaining defendant were] predominantly issues of state law." *Id.*[12]

We also note, without necessarily relying on any such principle, that, in relation to the assertion that a federal court must have jurisdiction over the asserted federal claim as a prerequisite to any tolling under subsection (d), our conclusion is consistent with well-settled constitutional law. "[J]ust as a court always has jurisdiction to determine its own jurisdiction, *United States v. United Mine Workers,* 330 U.S. 258, 290, 67 S.Ct. 677, 91 L.Ed. 884 (1947), a federal court also has jurisdiction to decide whether a plaintiff who alleges she has been injured by a violation of federal law has stated a cause of action." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 117, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (Stevens, J., concurring); *see also id.* at 89, 118 S.Ct. 1003 ("[J]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.") (Scalia, J.) (internal quotations omitted). Thus, it could be said that where a federal court determines that, as here, a federal claimant fails to meet a requirement to successfully state a cause of action under the federal statute relied upon, there has already been an exercise of jurisdiction by the federal court in a significant sense.

---

12. We do not propose here to challenge the proposition that when it was determined that the federal court lacked jurisdiction over the FTCA claim, dismissal of the supplemental state claim was mandatory. *See supra* note 7. The fact is, however, that the courts that decided these cases cited *supra* purported to dismiss supplemental claims under subsection (c) after dismissing federal claims for lack of federal subject matter jurisdiction. These courts perhaps consider that the discretionary language of subsection (c) is to be read as a non-discretionary "must" in such situations, or that it would always be an abuse of discretion not to so dismiss, or that under the statute dismissal is discretionary even in the event of dismissals of the federal claim for want of subject matter jurisdiction. None of these views is totally implausible, and they raise significant questions as to the narrow application of subsection (c) urged by appellee.

## C.

 Finally, we think a holding that does not recognize the application of subsection (d) in the present scenario could be antithetic to an underlying purpose of the Judicial Improvements Act of 1990, of which § 1367 was a part. "Congress enacted section 1367 ... for the purpose of allowing litigants to economically resolve related matters in a single forum." *Clemes v. Del Norte County Unified School Dist.*, 843 F.Supp. 583, 597 (N.D.Cal.1994). The bill was "intended to increase the administrative efficiency of the civil litigation process in the Federal courts and reduce litigations costs." 136 Cong. Rec. S. 17570, 17576 (1990). The supplemental jurisdiction provision of § 1367 essentially codified "ancillary" and "pendent" jurisdiction doctrines, both of which "recognized the inherent efficiency in trying jointly ... federal and state claims." Shirin Malkani, *Upside Down and Inside Out: Appellate Review of Discretion Under the Supplemental Jurisdiction Statute*, 1997 Ann. Surv. Am. L. 661, 662. *See Gudenkauf v. Stauffer Communications, Inc.*, 896 F.Supp. 1082, 1084 (D.Kan.1995) ("supplemental jurisdiction promotes judicial economy by providing a single forum to litigate all matters arising from the same 'nucleus of operative fact' ").

Early after the enactment of § 1367, commentators noted the need for a broad reading of the tolling provision in light of these goals of judicial economy and fairness. "[I]t is generally desirable to toll the statute of limitations to permit refiling in the proper forum. Otherwise, parties could be manipulative in raising subject matter jurisdiction problems, and parties might feel compelled to file concurrent actions in state court if they suspect potential jurisdictional problems." Moore, *supra* note 11 at 64; *see also* 16 Moore's Federal Practice § 106.66[3][c] at 106–94 (3d ed.1999) ("the statute shows a preference for allowing supplemental state claims to be heard in state court if the jurisdiction-conferring claim is dismissed, and provides a brief window of protection that allows the plaintiff to file in state court without having to face a limitations defense"). *But see* Wright, *supra* note 8, at 43 n. 51. A refusal to apply the subsection here, however, would work against judicial efficiency. Affirming the dismissal would tend to compel prudent federal litigants who present state claims to file duplicative and wasteful protective suits in state court.

On the other hand, giving subsection (d) its straightforward meaning and applying it to any claim asserted, even though dismissed for want of jurisdiction, enhances sound principles of judicial economy. Such an interpretation obviates the necessity of filing a purely protective action in a state court to forestall the possibility that the asserted federal claim supporting the supplemental jurisdiction might, for some reason, be dismissed "for lack of subject matter jurisdiction."

As any treatise on the subject abundantly evidences, the question of the existence *vel non* of federal subject matter jurisdiction can be intricate and perplexing, whether that jurisdiction be based on a federal statute, on the existence of a federal question, or on diversity of citizenship. We do not think that a narrow interpretation of the statute as inapplicable to all dismissals of federal claims for want of jurisdiction is needed simply to avoid the possibility of misuse of the supplemental claim doctrine. Frivolous federal suits of whatever kind can be addressed under other provisions. *See e.g.,* Fed. R. Civ. Proc. 11. The absence of any significant amount of case law on the issue before us hardly suggests that federal suits are being brought with an eye to an extension of the state statute of limitations applicable to asserted supplemental claims. While more thorough and scrupulous prefiling investigation here might have revealed the weakness of the claim under the FTCA, on its face the complaint states at least a plausible federal cause of action, and we do not

see in this record evidence of bad faith, gross negligence, or other indication of excessive disregard for the complexities of federal litigation. Had it appeared otherwise, our conclusion as to the scope of the relief provided by subsection (d) in the case before us might have been otherwise.

In sum, we conclude that the language of the statute, case-law, and the tenets of judicial economy underlying the statute's enactment counsel a broader reading of § 1367(d) than rendered by the trial court.

The three year statute of limitations was tolled during the federal case, and for thirty days following its dismissal. Therefore appellant's claim was filed timely.

*Reversed and remanded.*