# District of Columbia
# Court of Appeals

**No. 15-CV-0243**

STEPHANIE C. ARTIS,

Appellant,



FILED

APR - 7 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

v.

**CAB-5275-14**

DISTRICT OF COLUMBIA,

Appellee.

On Appeal from the Superior Court of the District of Columbia
Civil Division

BEFORE: FISHER and BLACKBURNE-RIGSBY, Associate Judges; and PRYOR, Senior Judge.

## JUDGMENT

This case came to be heard on the transcript of record and the briefs filed, and was argued by counsel. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the ruling of the trial court is affirmed.

For the Court:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

Dated: April 7, 2016.

Opinion by Senior Judge William C. Pryor.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-CV-0243

STEPHANIE C. ARTIS, APPELLANT,

v.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAB-5275-14)

(Hon. Herbert B. Dixon, Jr., Trial Judge)

(Argued February 2, 2016                              Decided April 7, 2016)

*Donald M. Temple* for appellant.

*Donna M. Murasky*, Senior Assistant Attorney General for the District of Columbia, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General, were on the brief, for appellee.

Before FISHER and BLACKBURNE-RIGSBY, *Associate Judges*, and PRYOR, *Senior Judge*.

PRYOR, *Senior Judge*:  Appellant, Stephanie Artis, asks us to reverse the trial court's ruling on appellee's, the District of Columbia (the District), motion to dismiss because, she argues, it misinterpreted the word "tolling" in 28 U.S.C. § 1367 (d), and, as a consequence, erroneously limited her time to file her claim in

Superior Court.  Jurisdictions differ as to the meaning of "tolling" in 28 U.S.C. § 1367 (d), and we consider the term to be ambiguous.  In light of that ambiguity, we conclude that the "grace period" approach, advocated by the appellee, is more consistent with statute's context and purpose.  Therefore, we affirm the judgment dismissing appellant's complaint as untimely.

## I.  Statement of Facts

Appellant's complaint arose from her November 15, 2010 termination from the District's Department of Health (DOH).  Beginning in August 2007, appellant was employed, in a temporary status, as a DOH code inspector.  A contentious relationship evolved with her supervisor, Gerard Brown, and she concluded he had singled her out for unfair treatment in the workplace.  On April 17, 2009, appellant took her first administrative step against Mr. Brown and DOH by filing a discrimination claim before the U.S. Equal Employment Opportunity Commission.  While that claim was pending appellant also filed a series of grievances against Mr. Brown challenging several notices of proposed infractions against her and alleging that Brown violated other employee rights regulations.

On November 15, 2010, appellant discovered that DOH terminated her temporary employment as a code inspector. In January 2011, appellant filed a final grievance alleging her termination was retaliation for her strained relationship with the agency and Mr. Brown.

On December 16, 2011, appellant initiated a civil suit against the District in the United States District Court for the District of Columbia. Therein she alleged her termination violated Title VII of the Civil Rights Act of 1964[1] and that the District Court had supplemental jurisdiction under 28 U.S.C. § 1367(a) (1990) to hear her claims based on the District's Whistleblower Act,[2] False Claims Act,[3] and her common law claim for wrongful termination against public policy. *See Artis v. District of Columbia*, 51 F. Supp. 3d 135 (D.D.C. 2014).

On June 27, 2014, the court granted the District's motion for judgment on the pleadings as to appellant's federal employment discrimination claim. *Id.* at 139-141. The court further found that since it dismissed the sole federal claim as facially deficient, it had no basis to exercise jurisdiction over the remaining claims

---

[1] 42 U.S.C. § 2000e-5 (2009).

[2] D.C. Code § 1-615.54 (2001).

[3] D.C. Code § 2-308.16 (2001) (recodified as D.C. Code § 2-381.04 (2009)).

arising under District of Columbia law. *Id*. at 141-42 (discussing discretionary nature of pendent jurisdiction) (citing 28 U.S.C. § 1367 (c)(3)).

On August 25, 2014, fifty-nine days after dismissal from federal district court, appellant filed her remaining claims in the Superior Court. In a motion for dismissal — or alternatively summary judgment — the District alleged appellant's claims were time barred based on the respective statutes of limitation and 28 U.S.C. § 1367 (d). *Artis v. District of Columbia*, 2014-CA-005275B (January 29, 2014). The trial judge agreed, finding 28 U.S.C. § 1367 (d) does not suspend state statutes of limitations at the time of the unsuccessful federal filing, but rather creates a thirty-day period for a claimant to file actions over which the U.S. District Court lacked jurisdiction. *Id*.

## II. Discussion

### A.

It is necessary, in order to answer the question presented in this case, to resolve the meaning of "tolled" in 28 U.S.C. § 1367 (d). Appellant argues the trial court erroneously interpreted 28 U.S.C. § 1367 (d)'s plain language, which provides:

> [t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

There were nearly two years remaining on the statute of limitations when appellant filed her suit in the United States District Court, and she asserts she had that period (plus thirty days) to file her claims in the Superior Court.

Thus, appellant urges us to adopt the reasoning of the Maryland Court of Appeals in *Turner v. Knight*, 957 A.2d 984 (Md. 2008), and find that "tolled" means to suspend the local statute of limitations at the point the federal suit was filed. The District, relying primarily on the California Supreme Court's decision in *City of Los Angeles v. County of Kern*, 328 P.3d 56 (Cal. 2014), instead urges us to affirm the trial court's finding that, in the context of the statute's language, purpose, and history, "tolled" means a thirty-day "grace period" will apply if the limitations period for the state based claims expires while the claim is pending in the federal court. Here, according to the District, the limitations period had expired while the federal suit was pending, so appellant had only thirty days to file in Superior Court. The District argues this fulfills Congress's intent by giving a litigant an opportunity to re-file claims over which the federal court lacked

jurisdiction without requiring duplicative filings or infringing on the rights of states to establish their own statutes of limitation.

When interpreting statutory language, we must "look first to the plain language of a statute to determine its meaning, and favor interpretations consistent with the plain language. . . ." *Stevens v. ARCO Management of Washington, D.C., Inc.*, 751 A.2d 995, 998 (D.C. 2000) (citing *Francis v. Recycling Solutions, Inc.*, 695 A.2d 63, 72 (D.C. 1997); *Downs v. District of Columbia Police and Firefighters Retirement and Relief Bd.*, 666 A.2d 860, 861 (D.C. 1995)). "Where the plain meaning of the statutory language is unambiguous, the intent of the legislature is clear, and judicial inquiry need go no further." *Id*.; *see also United States v. Goldenberg*, 168 U.S. 95, 102-03 (1897) ("The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that [it] has used."). But, even if the words of a statute have "superficial clarity, a review of the legislative history or an in-depth consideration of alternative constructions that could be ascribed to statutory language may reveal ambiguities that the court must resolve." *Lincoln Hockey LLC. v. District of Columbia Dep't of Emp't Servs*., 810 A.2d 862, 868 (D.C. 2002) (citing *Hively v. District of Columbia Dep't of Emp't Servs.*, 681 A.2d 1158, 1161 (D.C. 1996)); *see also Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C.

1983) (en banc) (if statute is ambiguous "our task is to search for an interpretation that makes sense of the statute and related laws as a whole[]"); *Dolan v. United States Postal Serv.*, 546 U.S. 481, 486 (2006) ("A word in a statute may or may not extend to the outer limits of its definitional possibilities.").

## B.

As stated, the parties have advanced two respective positions which are consistent with the competing approaches that have evolved nationally relating to the tolling provision of the statute presented. One interpretation is illustrated by *Turner*. In adopting the "suspension" approach, the *Turner* court, relying largely on the California Court of Appeal's decision in *Bonifield v. County of Nevada*, 94 Cal. App. 4th 298, 303-04 (2001) (quoting *Woods v. Young*, 807 P.2d 455, 461 (1991)), likened tolling to a "clock that is stopped and then restarted[,]" *Turner*, *supra*, 957 A.2d at 991, and reasoned that the *Bonifield* suspension approach was more consistent with Supreme Court precedent. *Id.* at 992 (citing *Chardon v. Fumero Soto*, 462 U.S. 650, 661 (1983) (interpreting tolling statute in 42 U.S.C. § 1983 to suspend, rather than renew, limitation period)); *see also Goodman v.*

*Best Buy, Inc.*, 755 N.W.2d 354 (Minn. App. 2008)[4]; *Oleski v. Dep't of Pub. Welfare*, 822 A.2d 120, 124 (Pa. Cmwlth. Ct. 2003).

On the other hand, a different approach is that the statute provides a thirty-day "grace period" "allowing claims that would otherwise have become barred to be pursued in state court if refiled no later than 30 days after federal court dismissal."[5] *Cf. City of Los Angeles*, *supra*, 328 P.3d at 58 (cited with approval in *Gottschalk v. Woods*, 766 S.E.2d 130, 136 (Ga. App. 2014)); *see also Weinrib v. Duncan*, 962 So.2d 167 (Ala. 2007); *Dahl v. Eckerd Family Youth Alternatives, Inc.*, 843 So.2d 956 (Fla. App. 2003); *Berke v. Buckley Broad. Corp.*, 821 A.2d 118 (N.J. Super. 2003); *Harter v. Vernon*, 532 S.E.2d 836 (N.C. App. 2000); *Juan v. Commonwealth*, 2001 WL 34883536 (N. Mar. I. Nov. 19, 2001).

Additionally, federal circuit courts of appeal that have analyzed the tolling provision of § 1367 (d) apparently agree that it provides a thirty-day grace period. *Hedges v. Musco*, 204 F.3d 109, 123 (3rd Cir. 2000) (finding § 1367 (d) ensures

---

[4]  In *Goodman*, *supra*, 755 N.W.2d at 356-57, the Minnesota Court of Appeals also noted a third possible interpretation of the tolling provision in § 1367 (d):  that it served to "annul" the state statute of limitation and replace it with thirty days following the dismissal from federal district court.  This position was not argued by either party and we decline to adopt it here.

[5]  *See Chardon v. Fumero Soto*, 462 U.S. 650, 661 (1983) (recognizing that "tolling effects" include suspension, renewal, and extension of filing period).

plaintiff has "at least thirty days after dismissal to refile in state court") (citing *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998); *see also Beck v. Prupis*, 162 F.3d 1090, 1099-1100 (11th Cir. 1998) (dismissal under § 1367 tolls statute of limitations for thirty-days)).

Turning to the legislative history, the Judicial Improvements Act of 1990 (the Act), Pub. L. No. 101-650 § 310 (Dec. 1, 1990), 104 Stat. 5089, 5113-5114, was intended to provide "just, speedy, and inexpensive resolution of civil disputes[.]" Sen. Rep. No. 101-416, 2d Sess. p. 1 (Aug. 3, 1990). As part of the Act, § 1367 (d)'s purpose was "to prevent the loss of claims to statutes of limitations where state law might fail to toll the running of the period of limitations while a supplemental claim was pending in federal court." H.R. Rep. No. 101-734, 2d Sess., p. 30 (1990).

It is apparent that in drafting subsection (d) of the Act, Congress incorporated recommendations from the academic community, specifically the American Law Institute (ALI). H.R. Rep. No. 101-734, 2d Sess., pp. 15-17, 27 (1990), reprinted in 1990 U.S. Code Cong. & Admin. News, pp. 6861-6862, 6873. Thus we are convinced subsection (d) was meant to reflect the ALI's recommendation that the Act should provide litigants relief from a time-bar to

actions so long as "the state claim was (1) filed in federal court at time when it would not have been barred in state court *and* (2) refiled in state court within 30 days after dismissal, absent a longer state rule." *City of Los Angeles*, *supra*, 328 P.3d at 63 (citing Study of the Division of Jurisdiction Between State and Federal Courts (Am. Law. Inst.) (1969)).

Accordingly, we consider the grace period approach to be more consistent with the Act's legislative history and intent. And although both interpretations of the tolling provision are reasonable, we also find that the "grace period" approach better accommodates federalism concerns. We have previously held that "[i]f Congress intends to alter the usual constitutional balance between the States and the Federal Government, it must make its intention to do so unmistakably clear in the language of the statute." *Jones v. District of Columbia*, 996 A.2d 834, 842 (D.C. 2010) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 282 (2002)). Turning to the present statute under consideration, § 1367 (d) appears to invade a historic state power by altering state statutes of limitation. *See Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 543-44 (2002); *City of Los Angeles*, *supra*, 328 P.3d at 64. As such, we find that the "grace period" approach hazards significantly less impact on "local statutes of limitation" than the suspension approach. *Stevens*, *supra*, 751 A.2d 996; *see also Raygor*, *supra*, 534 U.S. at 542 (favoring

construction of § 1367 (d) with least impact on state sovereignty).  Thus, not only are we satisfied that the "grace period" approach conforms with § 1367 (d)'s purpose and history, we also find it consistent with our presumption favoring narrow interpretations of federal preemption of state law.  *Traudt v. Potomac Elec. Power Co.*, 692 A.2d 1326, 1332 (D.C. 1997) (scope of preemptive effective must be narrowly construed) (citing *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)); *see also Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 449 (2005) (noting court's duty to accept reading disfavoring preemption where equally plausible to other interpretations).

This is not the first time we have been asked to interpret 28 U.S.C. § 1367 (d).  In *Stevens*, *supra*, 751 A.2d at 998-99, we reversed a trial court finding that § 1367 (d) did not permit appellant to file her dismissed action in Superior Court after the district court determined it lacked subject-matter jurisdiction.  There, appellant filed her underlying tort claim in Superior Court within thirty days of its dismissal from the district court, making it unnecessary for us to expressly interpret the meaning of "tolled."  Nevertheless, we commented that application of § 1367 (d)'s thirty day extension to the "local statute of limitations" was necessary to satisfy the statute's purpose of allowing litigants to "*economically* resolve related matters in a single forum" and "increase the *administrative efficiency* of the civil

litigation process" without having to file "duplicative and wasteful protective suits in state court." *Id*. at 996 &1002 (citations omitted) (emphasis added).

We conclude that the "grace-period" approach reflects the legislative history and intent of the Act, conforms to our presumption against preemption, and is consistent with our previous treatment of that statute in *Stevens*. As such, we hold that the tolling provision of § 1367 (d) applies a thirty-day "grace period" to allow litigants to re-file claims that otherwise would have become barred in Superior Court. Applying that rule here, we agree with the District that Ms. Artis failed to comply with the statute of limitations that governed her claims based on District of Columbia law, and affirm the ruling of the trial court.

*Affirmed.*