Richard OCHS, Appellant,

v.

STREATER, INC., Respondent.

No. C4–97–446.

Court of Appeals of Minnesota.

Sept. 2, 1997.

Elizabeth W. Kimball, Kimball Law Office, Minneapolis, for appellant.

Steven R. Anderson, Samuel Rosenstein, Faegre & Benson, LLP, Minneapolis, for respondent.

Considered and decided by KLAPHAKE, P.J., and DAVIES and PETERSON, JJ.

## OPINION

DAVIES, Judge.

The district court dismissed appellant's age discrimination complaint with prejudice because respondent was not served with a summons and complaint within the 45–day period provided by Minn.Stat. § 363.14, subd. 1(a)(1) (1996). Appellant argues that because his complaint was filed with the district court within the statutory period, although not served, the action was "brought" within the meaning of the statute. Alternatively, appellant seeks equitable tolling of the statute of limitations because respondent was not prejudiced by the delay in service and failed to raise the untimely service issue for six months. We affirm.

## FACTS

Appellant Richard Ochs was a long-time employee of respondent Streater, Inc. When Streater terminated his employment, Ochs filed a charge with the Minnesota Department of Human Rights (DHR) alleging age discrimination.

The DHR dismissed Ochs' complaint and advised him that he had a statutory right to "bring a civil action against the Respondent in district court within 45 days of the dismissal of this case." The parties agree that Ochs received the DHR dismissal notice on January 27, 1996. Ochs filed his complaint with the district court on March 11, 1996, but failed to serve Streater until March 22, 1996, more than 45 days after Ochs received the dismissal letter from the DHR.

Streater moved for summary judgment on the ground that the complaint was time-barred. Ochs opposed the motion on the theory that he "brought" his claim within the statutory period by filing it with the district court. The district court granted summary judgment for Streater and dismissed Ochs' complaint with prejudice. This appeal followed.

## ISSUES

I.  Does Minn.Stat. § 363.14, subd. 1(a)(1), which allows a plaintiff to "bring a civil action," require that the action be "commenced" in accordance with Minn. R. Civ. P. 3.01?

II.  Did the district court err by not applying the doctrine of equitable tolling?

## ANALYSIS

On appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the lower court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985); *see also Sarafolean v. Kauffman,* 547 N.W.2d 417, 419 (Minn.App.1996) (construction of statute of limitations is question of law to be

reviewed de novo), *review denied* (Minn. July 10, 1996).

### I.

Having allowed the limitations period to run on his cause of action against Streater, Ochs contrives a series of arguments to revive his claim. First, Ochs asserts that his suit was "brought" within the meaning of Minn.Stat. § 363.14, subd. 1(a)(1) (1996), because it was *filed* in the district court before the end of the 45-day statutory period.

Section 363.14 provides that a person may "bring a civil action * * * within 45 days after receipt of notice that the commissioner has dismissed a charge." The statute does not define "bring," and Ochs argues, without legal support, that the word means something other than the word "commence" found in Minn. R. Civ. 3.01.

The legislature has empowered the Minnesota Supreme Court to "regulate the pleadings, practice, procedure, and the forms * * * in civil actions." Minn.Stat. § 480.051 (1996). The court has done so by promulgating the rules of civil procedure. Minn. R. Civ. P. 3.01 provides that a civil action is commenced:

(a) when the summons is served upon that defendant, or (b) at the date of acknowledgment of service if service is made by mail, or (c) when the summons is delivered to the sheriff in the county where the defendant resides for service.

In some special actions, filing may be sufficient to commence a suit. *See, e.g., State by Spannaus v. Hopf,* 323 N.W.2d 746, 750 (Minn.1982) (a condemnation proceeding is commenced by filing petition); Minn. R. Civ. P. 81.01 & App. A (listing proceedings excepted from the Minnesota Rules of Civil Procedure). Rule 81.01 provides no exception for chapter 363 proceedings, and Ochs concedes that this action is not specifically exempt from the rules of civil procedure.

Federal courts have firmly rejected the argument that the words "begun" or "bring" used in reference to the initiation of a lawsuit mean anything other than "commence" under Minn. R. Civ. P. 3.01. *See Appletree Square I, Ltd. Partnership v. W.R. Grace Co.,* 29

F.3d 1283, 1286 (8th Cir.1994) ("Under Minnesota law, an action is commenced or begun when the defendants have been served."); *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330–31 (8th Cir. 1993) (statutory requirement that suit be "begun" before July 1, 1990, required "commencement" of the suit pursuant to Minn. R. Civ. P. 3.01), *cert. denied,* 510 U.S. 1093, 114 S.Ct. 926, 127 L.Ed.2d 218 (1994). Despite the legislature's use of different terminology, "bring a civil action" is synonymous with "commence a civil action."

Ochs believes that we must adopt his interpretation of the statute because we are required to construe liberally the provisions of Minn.Stat. § 363.14, subd. 1(a)(1). *See* Minn. Stat. § 363.11 (provisions of chapter shall be construed liberally). But we find it unnecessary to "construe" the words "bring a civil action" because those words are unambiguous. *See* Minn.Stat. § 645.08(1) (1996) (words and phrases in statute are to be construed according to common and approved usage). They can only mean "commence a civil action" in the manner provided in Minn. R. Civ. P. 3.01. An interpretation expanding the statute of limitations would be contrary to the plain meaning of the statute and to public policy. *See Order of R.R. Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944) (statutes of limitation "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared").

## II.

Next, Ochs asserts that he is entitled to equitable tolling of the statute because Streater failed to present any evidence that it was prejudiced by Ochs' delay in serving the complaint and because Streater waited six months to bring its motion for summary judgment.

The filing requirement of Minn. Stat. § 363.14 is subject to the equitable doctrines of tolling and waiver. *Jones v. Consolidated Freightways Corp.,* 364 N.W.2d 426, 429 (Minn.App.1985). Prejudice to the defendant is one factor the court considers in tolling a statute of limitations, but the court also examines the conduct of the plaintiff. *Compare State by Khalifa v. Russell Dieter Enterprises, Inc.,* 418 N.W.2d 202, 206 (Minn.App.1988) (tolling statute of limitations when employer was not prejudiced and failure to issue complaint within statutory period was not employee's fault); *with Jones,* 364 N.W.2d at 429–30 (employee's "innocent inadvertence" is insufficient to toll statute of limitations).

Unlike the employee in *Khalifa,* Ochs has offered no evidence that circumstances beyond his control prohibited him from serving his complaint within the statutory period. Ochs' personal belief that the word "begin" in the statute means something other than "commence" is not a basis for tolling the statute of limitations. Streater pleaded the defense of the statute of limitations in its answer to Ochs' complaint. The record provides no basis for applying the equitable doctrine of waiver.

## DECISION

We affirm the decision of the district court dismissing Ochs' complaint as untimely under Minn.Stat. § 363.14, subd. 1(a)(1).

**Affirmed.**