# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1518

_____

Thomas Jacobs,

     Appellant,

  v.

United Steelworkers of America,

     Appellee.

Appeal from the United States
District Court for the District
of Minnesota.

[UNPUBLISHED]

_____

Submitted: November 5, 2002

Filed: November 12, 2002

_____

Before WOLLMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Thomas Jacobs appeals an adverse grant of summary judgment on his claims against the United Steelworkers of America (USWA). Jacobs claims the USWA discriminated against him based on his age, race, and national origin, and that it retaliated against him for raising complaints about discrimination. We review the grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party and affirming if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.

First, Jacobs claims the USWA discriminated against him on the basis of his age. Jacobs's age discrimination claim, however, is barred by Minnesota's one-year statute of limitations. See Winkels v. George A. Hormel & Co., 874 F.2d 567, 570 (8th Cir. 1989) (cases filed in state court are governed by state procedural rules); Minn. Stat. § 363.06, subd. 3 (2000) (statute of limitations for age discrimination claims is one year). Jacobs did not raise claims of age discrimination in his EEOC complaint; he did not claim he suffered from age discrimination after he resigned; and he did not serve the USWA with notice of the lawsuit until June 27, 2002–more than one year after his employment ended. See Ochs v. Streater, Inc., 568 N.W.2d 858, 859 (Minn. Ct. App. 1997) (a lawsuit begins when the defendant is served with notice). The district court[*] properly concluded Jacobs's age discrimination claim is time-barred.

Second, Jacobs asserts the USWA discriminated against him on the basis of his race and national origin (Hispanic and Native American) when it failed adequately to grieve Jacobs's complaints about his employer. Title VII and the Minnesota Human Rights Act (MHRA) both prohibit labor organizations from discriminating against their members on the basis of race and national origin. See, e.g., Thorn v. Amalgamated Transit Union, No. 01-3085, 2002 WL 31155112, at *3 (8th Cir. Sept. 30, 2002). In Thorn, we explained the limits of unions' obligations under Title VII and the MHRA:

> A labor organization is liable for an employer's discrimination in the workplace if it causes or attempts to cause the employer to discriminate, § 2000e-2(c)(3); or if the union 'purposefully acts or refuses to act in a manner which prevents or obstructs a reasonable accommodation by his employer,' . . . or if the union 'pursue[s] a policy of rejecting disparate-treatment grievances' meant to vindicate employee rights protected by Title VII . . . .
>
>          . . . .

---

[*]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Though the Unions were prohibited from causing or assisting unlawful discrimination by Thorn's employer, nowhere in either statute do we find language imposing upon unions an affirmative duty to investigate and take steps to remedy employer discrimination.

Id. at *4 (internal citations omitted). Jacobs raises many concerns about his employer's actions, but we cannot say Jacobs suffered discrimination or retaliation at the hands of the USWA. Thus, we conclude the district court properly granted summary judgment on Jacobs's claims of race and national origin discrimination, and on his claims of retaliation.

For the reasons stated above, the judgment of the district court is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.