**Margaret KOSS, Plaintiff,**

v.

**The YOUNG MEN'S CHRISTIAN AS-SOCIATION OF METROPOLITAN MINNEAPOLIS, Defendant.**

**Civil No. 06–4639 (JRT/FLN).**

United States District Court, D. Minnesota.

Aug. 31, 2007.

Thomas E. Glennon, Thomas E. Glennon & Associates, P.A., Minneapolis, MN, for plaintiff.

Paul J. Zech and Brian T. Benkstein, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, MN, for defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

JOHN R. TUNHEIM, District Judge.

Margaret Koss brought this action against her former employer, the Young Men's Christian Association of Metropolitan Minneapolis ("YMCA"), claiming that she was terminated in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Minnesota Human Rights Act ("MHRA"). The YMCA moved to dismiss the MHRA claim because it was not timely filed. In a Report and Recommendation dated April 19, 2007, United States Magistrate Judge Franklin L. Noel recom-

mended that the motion be denied because Koss's functional impairments caused her to miss the deadline. The YMCA filed objections. This Court conducted a *de novo* review of the objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.2(b). For the reasons set forth below, the Court overrules the objections and adopts the Report and Recommendation.

### BACKGROUND

Koss worked for the YMCA as a school age care site coordinator from September 1999 until her termination on June 6, 2005. During that time Koss received cancer treatment and was forced to take medical leaves of absence in 2003 and 2004. In May 2005 Koss informed YMCA officials that her physician had recommended that she take another leave of absence to address depression and anxiety issues associated with the cancer and the treatment she had received for the disease. She was terminated from her position before she was able to begin her leave of absence. The YMCA told Koss that she was being terminated at least in part because she had directed another YMCA employee to use work time to perform personal errands for her own benefit.

On October 5, 2005, Koss filed a disability charge against the YMCA with the Equal Employment Opportunity Commission ("EEOC") and the Minnesota Department of Human Rights alleging that she had been terminated because of her medical disabilities. Nearly ten months later, on August 31, 2006, the EEOC dismissed the charge and issued a right to sue letter on claims brought under the ADA. That letter authorized Koss to bring ADA claims against the YMCA within 90 days from receipt of the letter. The Minnesota Department of Human Rights adopted the findings of the EEOC and issued a right to sue letter under the MHRA on October 5,

2006. That letter gave Koss 45 days from receipt of that correspondence to bring claims based on violations of the MHRA. Both letters indicate that they were mailed to Koss as well as her attorney.

Koss filed this lawsuit against the YMCA on November 27, 2006, alleging in Count I that she was terminated because of mental and physical disabilities in violation of the ADA and in Count II that her termination violated the MHRA for the same reasons. The YMCA filed this motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). The YMCA asserts that there is a presumption in Minnesota that a party receives a state issued right to sue letter five days after it is issued and that Koss did not file her MHRA claim until 53 days after the 45 day right to sue letter had been issued in this case. It contends as a result that the claim should be dismissed.

Koss responds by arguing that equitable tolling applies to extend the time period for filing her MHRA claim. Along with her response she submitted a personal affidavit, an affidavit from her treating psychologist during the relevant time period, and a decision from the social security administration. Koss contends that her attorney drafted a complaint after he received a copy of the MHRA right to sue letter but was unable to file it until 53 days after the letter had been issued because mental illnesses made it impossible for her to communicate with him until that date. Even then, Koss contends, she communicated with the attorney through a family member. She also states in her affidavit that neither she nor her caretakers remember receiving a right to sue letter from the Minnesota Department of Human Rights.

The affidavit submitted by Koss's treating psychologist, Patricia Peterson, as well as the decision from the social security administration, purport to establish that Koss was mentally disabled during the time period following issuance of the MHRA right to sue letter. The psychologist states that Koss suffered from "serious functional limitations" from June 2005 extending through at least March 2007. (Peterson Aff. ¶ 2.) Peterson also opines that the "functional limitations were particularly acute and overwhelming" in October and November 2006 and that the effects of major depression and an anxiety order, combined with the side effects of medications, rendered Koss unable to attend to her "personal and legal affairs during much or all of this period." (Peterson Aff. ¶ 4.) Koss also submitted a December 2006 decision by the social security administration in which it was determined that major depression, an anxiety disorder, a compulsive obsessive disorder, and an attention deficit disorder caused her to be disabled beginning in June 2005.

The Magistrate Judge issued a Report and Recommendation agreeing with Koss that equitable tolling applies in this case and recommending that the YMCA's motion should be denied. The YMCA objects to the recommendation.

## ANALYSIS

### I. Standard of Review

■ The YMCA filed its motion as one for partial dismissal under Federal Rule of Civil Procedure Rule 12(b)(6), arguing that Count II of the complaint fails to state a claim upon which relief can be granted because the complaint was filed after the time limit for filing an MHRA claim had expired. Koss responded by submitting materials that are relevant to the decision but that are "outside the pleadings." *See Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir. 1992). As a result, the motion to dismiss must be converted into one for summary

judgment. Fed.R.Civ.P. 12(b)(6); *Gibb,* 958 F.2d at 816.[1]

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A court considering a motion for summary judgment must view the facts in the light most favorable to the non moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## II. Equitable Tolling

■ The YMCA argues that the Court should bar Koss from proceeding on her MHRA claim because the claim was not timely filed and equitable tolling is inapplicable to the facts of this case. It argues that Koss understood her legal rights during the 45–day time period and that it would be unfairly prejudiced if Koss is allowed to pursue relief under the MHRA. Koss counters that the Court should extend the limitations period because her severe mental disabilities made it impossible for her to file the complaint prior to the date on which it was filed. She also asserts that the YMCA will not be prejudiced if she is allowed to pursue this claim because it is based on the same operable facts as her claim under the ADA.

■ As noted above, Koss filed this lawsuit 53 days after the Minnesota Department of Human Rights issued the 45 day right to sue letter for claims under the MHRA. A plaintiff is presumed to have received a right to sue letter under the MHRA five days after its issuance, *see* Minn.Stat. § 363A.33, subd. 1, and the letter provides the applicable statute of limitations for claims brought under the MHRA. *Id.* The claim is only timely, then, if the doctrine of equitable tolling extends the 45 day period.[2] *See Anderson v. Unisys Corp.,* 47 F.3d 302, 305–06 (8th Cir. 1995). Courts considering whether to apply equitable tolling must consider both the conduct of the plaintiff and the prejudice to the defendant. *See Ochs v. Streater, Inc.,* 568 N.W.2d 858, 860 (Minn.Ct.App. 1997). Courts apply equitable tolling to permit claims filed past a statutory deadline only when the circumstances leading to the delay were outside of the plaintiff's control. *Shempert v. Harwick Chem. Corp.,* 151 F.3d 793, 798 (8th Cir.1998). For equitable tolling to extend a limitations period, a plaintiff must show that the delay in filing was not caused by "bad faith" or less than "reasonable diligence." *See Pecoraro v. Diocese of Rapid City,* 435 F.3d 870, 875 (8th Cir.2006).

Viewing the facts in the light most favorable to Koss, her attorney received a copy of the right to sue letters but did not file the complaint immediately because he was unable to communicate with her. Consistent with the affidavit submitted by the psychologist, Koss was unable to communicate with the attorney for the whole month of October and most of November because of the severity of her mental ill-

---

1. The Court can rule on the converted motion without giving notice to the parties because it was the nonmoving party who submitted the outside materials. *See Hamm v. Rhone–Poulenc Rorer Pharm., Inc.,* 187 F.3d 941, 949 (8th Cir.1999). This is especially true in this case because the YMCA addressed the extra materials in its briefing and does not object to inclusion of those matters in the Court's consideration.

2. Koss claims not to have received the letter, but her attorney admits to receiving a copy of it. Courts have considered notice to counsel to be sufficient notice to a party of the issuance of a right to sue letter. *See, e.g., Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 91, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

nesses. Then, on November 27, Koss was first able to communicate with her attorney (through a family member) and directed her attorney to file the complaint that same day. The Court finds that such actions do not demonstrate "bad faith" during the months of October and November 2006 but instead indicate that Koss exercised a high degree of diligence during that time period. *See Pecoraro,* 435 F.3d at 875. The mental illnesses made it impossible for her to file the complaint on any date sooner than November 27, 2006, the date on which it was filed, and such grounds are sufficiently beyond the control of the plaintiff to permit the Court to toll a limitations period. *See, e.g., United States v. Brockamp,* 519 U.S. 347, 349, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) ("[T]he existence of a mental disability . . . we assume, would permit a court to toll the statutory limitations period.").

The Court still cannot toll the limitations period, however, if the prejudice to the defendant outweighs the equities in favor of allowing the claim to proceed. *See Pecoraro,* 435 F.3d at 875; *Ochs,* 568 N.W.2d at 860. The YMCA argues that it will be unfairly prejudiced if it has to defend against an MHRA claim because it is easier for plaintiffs both to prevail and to obtain large verdicts under the MHRA than under the ADA. This type of prejudice is related to the nature of the claims and not to damages caused by the delay itself. *See Land Grantors in Henderson, Union, and Webster Counties v. United States,* 64 Fed.Cl. 661, 716 (Fed.Cl.2005) (concluding that defendant could only show prejudice by demonstrating a change in position "that would not have occurred had the plaintiff not delayed") (citation omitted). The YMCA has not alleged any prejudice that results from the Court extending the limitations period, and the Court does not find any such injury in this case.

The Court considered matters outside of the pleadings in reaching its conclusion. As a result, the motion to dismiss is converted into one for summary judgment. The Court finds that the evidence taken in the light most favorable to Koss supports a finding that she filed her complaint on the first date that she was capable of communicating with her attorney. Because there is also no evidence in the record that the YMCA will be prejudiced by the short delay in filing the complaint, the Court denies defendants' motion.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** the YMCA's objections [Docket No. 26] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 23]. Accordingly, **IT IS HEREBY ORDERED** that the YMCA's Motion to Dismiss or, in the alternative, for Summary Judgment on Count II [Docket No. 2] is **DENIED.**

## REPORT AND RECOMMENDATION

FRANKLIN L. NOEL, United States Magistrate Judge.

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 27, 2007, on Defendants' motion for partial dismissal for failure to state a claim for relief. Defendant seeks dismissal of Plaintiff's claim because Plaintiff failed to commence the action under the Minnesota Human Rights Act (MDHR) within the mandatory 45–day period following the MDHR issuance of a notice of Right to Sue letter. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's motion be denied.

## I. FINDINGS OF FACT

On October 5, 2005, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging violations of the Americans with Disabilities Act (ADA). That charge was cross-filed with the MDHR. (Exhibit 5.) On August 31, 2006, the EEOC dismissed Plaintiff's charge and issued a Notice of Right to Sue to plaintiff. (Exhibit 3). Plaintiff's attorney received a courtesy copy. (Exhibit 3.) On October 5, 2006, the MDHR dismissed Plaintiff's state law charge and issued Plaintiff a Notice of Right to Sue on her state law claims. (Exhibit 2.) Again, Plaintiff's attorney received a copy. (Exhibit 2.) The MDHR's letter advised Plaintiff that she must commence an action under state law, if at all, within 45 days of her receipt of notice. (Exhibit 2.) After receiving the MDHR right to sue letter, Plaintiff's counsel drafted a complaint, attempted to contact the Plaintiff but received no response from her and was thus unable to file the complaint. On November 27, 2006, 53 days after the issuance of the Notice of Right to Sue, Plaintiff's counsel was finally able to contact Plaintiff through a member of her family. That day, Plaintiff commenced a lawsuit on her Minnesota Human Rights Act (MHRA) claim.

Plaintiff has been treated by psychologist Patricia Peterson since early 2005 for major depression with an anxiety disorder, among other severe mental impairments. (Peterson Aff. ¶ 2.) It is Ms. Peterson's professional opinion that Plaintiff has experienced serious functional limitations due to her severe mental impairments since June 2005 and that these impairments have materially affected her ability to manage her own affairs and interests, comprehend and take appropriate actions concerning her legal rights and responsibilities. (Peterson Aff ¶ 2.) Plaintiff's symptoms and functional limitations were particularly acute and overwhelming during the months of October and November 2006—the time period during which her MHRA complaint was required to be filed. (See Peterson Aff. ¶ 3.)[1]

Defendant seeks the dismissal of Plaintiff's MHRA claim in accordance with Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.

## II. STANDARD OF REVIEW

Defendant moves for partial dismissal for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir.2002) (citations omitted). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook,* 278 F.3d 754, 757 (8th Cir.2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.,* 299 F.3d 735, 738 (8th Cir. 2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing liti-

---

1. Additionally, on December 21, 2006 the Office of Disability Adjudication and Review decided that Plaintiff has been disabled by reason of severe mental impairments since June 6, 2005 through the date of that decision and awarded her disability insurance benefits and supplemental security income. (Exhibit 1 at p. 3.) The filing deadline fell within that time period of severe mental impairment.

gants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams,* 490 U.S. 319, 326–327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998).

### III. LEGAL ANALYSIS

 The issue is whether the doctrine of equitable tolling should be applied to this case. Principles of equitable tolling do not extend to what is at best a garden variety claim of excusable neglect. *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Equitable tolling is used sparingly by the federal courts and as such, the courts are less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his/her legal rights. *Id.* at 96, 111 S.Ct. 453, citing *Burnett v. New York Central R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (equitable tolling applied where plaintiff timely filed complaint in wrong court); *see also Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Generally the application of equitable tolling may be granted where the delay was beyond the party's control. *See Glus v. Brooklyn Eastern Dist. Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) (permitting equitable tolling where adversary's misrepresentation caused plaintiff to let filing period lapse); *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (equitable tolling granted in similar circumstance as *Glus* ).

 Equitable tolling is not limited to such circumstances as adversarial misrepresentation or a court's administrative errors. Plaintiff has shown that the cause of her filing delay was beyond her control.

The record demonstrates that she was severely incapacitated with respect to her ability to exercise her legal rights and responsibilities. (See Pl.'s Exhibit 1; Peterson Aff.) Her functional limitations precluded her from having full control over her personal and legal affairs. Such a delay in filing is shown to have been beyond her control and thus, equitable tolling is applicable.

Defendant argues that Plaintiff's counsel's receipt of a copy of the MDHR Notice of Right to Sue letter constitutes actual receipt of the Notice by Plaintiff. Indeed, plaintiff's counsel concedes he received such a copy. However, at this stage in litigation, plaintiff's counsel could not have filed suit without the consent of his client. "Litigation is usually commenced by service of process on the adverse party himself." *Irwin,* 498 U.S. at 101, 111 S.Ct. 453 (Stevens, J. concurring). This case involves a notice that is a condition precedent to the commencement of formal litigation. Similarly, this type of notice must be served on the Plaintiff in this case. Service to her representative does not give that representative the authority to file a claim.

Further, the Defendant will suffer no prejudice from the application of the doctrine of equitable tolling. The MHRA claim is based on the same nucleus of operative facts as the ADA claim. A mere 3–day delay due to Plaintiff's incapacitation is not likely to have caused Defendant to suffer any undue hardship in preparing and proceeding with its case.

### IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's mo-

tion for partial dismissal for failure to state a claim for relief be **DENIED** [# 7]